Louisa PAZIENZA, Plaintiff,

v.

SAINT BARNABAS MEDICAL CENTER,
et al., Defendants.

Civil Action No. 93–3982 (JCL).

United States District Court,
D. New Jersey.

July 28, 1995.

Steven Michael Kramer, Steven M. Kramer & Associates, New York City, for Plaintiff.

Charles Xavier Gormally, Regina A. McGuire, Brach, Eichler, Rosenberg, Silver, Bernstein, Hammer & Gladstone, Roseland, NJ, for Defendants.

## OPINION

LIFLAND, District Judge.

Presently before the Court is defendants' motion for summary judgment pursuant to Rule 56(c).

### Background

Plaintiff is a clinical cosmetologist. During the years of 1987 through 1990, plaintiff performed cosmetological services for seriously disfigured patients on a referral basis from doctors at St. Barnabas Medical Center ("St. Barnabas") and elsewhere. (Complaint, ¶ 5.)

In late summer of 1990, plaintiff initiated contact with St. Barnabas for the purpose of discussing the creation of a clinical cosmetology center at St. Barnabas to treat burn victims and other disfigured patients. (Complaint, ¶ 6.) On March 22, 1991, plaintiff met with officials of St. Barnabas to discuss the matter. Plaintiff alleges that at that meeting she gave defendants certain "copyrighted materials relating to the clinical cosmetology system that she had pioneered." (Complaint, ¶ 7.) Defendants then allegedly requested plaintiff to produce a business plan. (Complaint, ¶ 8.) On July 26, 1991, plaintiff delivered this business plan, also copyrighted, to defendants, who then requested certain revisions. (Complaint, ¶ 9.) Plaintiff further states that at a meeting on August 16, 1991, defendants represented to her that they wished to enter into an agreement with plaintiff. Details of the contract were negotiated. (Complaint, ¶ 10.)

The complaint indicates that at some point after the August 1991 meeting, defendants became ambivalent about entering into a contract with plaintiff. (Complaint, ¶¶ 11–13.) However, on March 5, 1992 and October 13, 1992 plaintiff made further presentations to defendants and made her copyrighted materials available to them.[1] (Complaint, ¶¶ 14 and 16.) On November 3, 1992, plaintiff received a letter from defendants advising

---

1. The Court notes that it is not clear if defendants actually retained copies of plaintiff's materials for use beyond the meetings. However, this is not relevant to the disposition of defendants' motion.

her that they had decided to open a clinical cosmetology center themselves. Plaintiff states that she immediately went to visit the hospital and observed that the center was already opened and was designed in the manner which she had proposed to defendants. (Complaint, ¶¶ 18 and 19.)

Plaintiff's sole federal claim is copyright infringement, *i.e.,* that defendants copied her copyrighted work which she had made available to them at various meetings. Plaintiff also alleges three state law claims: breach of implied covenant, misappropriation of trade secrets, and breach of confidence.

### Discussion

Defendants now move for summary judgment on the issue of copyright infringement and for dismissal of the remaining state claims.

*Fed.R.Civ.P.* 56(c) provides that summary judgment shall be granted:

> if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law.

The burden of showing that no genuine issue of material fact exists rests initially on the moving party. Once the moving party has shown that there is an absence of evidence to support the non-moving party's case, the burden shifts to the non-moving party to "set forth specific facts showing that there is a genuine issue for trial." *Fed.R.Civ.P.* 56(e); *Celotex Corp. v. Catrett,* 477 U.S. 317, 323–25, 106 S.Ct. 2548, 2553, 91 L.Ed.2d 265 (1986); *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 248, 106 S.Ct. 2505, 2510, 91 L.Ed.2d 202 (1986). There is no issue for trial unless the non-moving party can demonstrate that there is sufficient evidence favoring the non-moving party to enable a reasonable fact finder to return a verdict in that party's favor. *Anderson,* 477 U.S. at 249, 106 S.Ct. at 2511. The court must view the facts and inferences therefrom in the light most favorable to the non-moving party. *Goodman v. Mead Johnson & Co.,* 534 F.2d 566, 573 (3d Cir.1976), *cert. denied,* 429 U.S. 1038, 97 S.Ct. 732, 50 L.Ed.2d 748 (1977).

### Copyright Infringement

Defendants do not dispute that plaintiff's business proposal may be copyrightable. They do dispute, however, whether plaintiff is entitled to the ownership of the ideas contained in that proposal. Defendants argue that plaintiff has alleged in her complaint and has stated in her answers to their interrogatories that defendants have simply copied her "ideas," which are not copyrightable under § 102 of the Copyright Act. Defendants also argue that at no point in her complaint or answers to their interrogatories does plaintiff refer to any document created by defendants that copies plaintiff's *expressions* of her ideas.

Section 102(a), though broad in scope, does not protect mere "ideas": "in no case does copyright protection for an original work of authorship extend to any idea, procedure, process, system, method of operation, concept, principle, or discovery, regardless of the form in which it is described, explained, illustrated, or embodied in such work." 17 U.S.C. § 102(b). Rather, copyright protects an author's particular expression of an idea. *Universal Athletic Sales Co. v. Salkeld,* 511 F.2d 904, 907 (3d Cir.1975), *cert. denied sub nom, Universal Athletic Sales Co. v. Pinchock,* 423 U.S. 863, 96 S.Ct. 122, 46 L.Ed.2d 92 (1975). *G.D. Searle v. Philips–Miller & Associates,* 836 F.Supp. 520, 524 (N.D.Ill. 1993). Additionally, "copying is a shorthand reference to the act of infringing any of the copyright owner's five exclusive rights set forth at 17 U.S.C. § 106." *Ford Motor Co. v. Summit Motor Products, Inc.,* 930 F.2d 277, 291 (3d Cir.1991). These rights are the right to distribute and reproduce copies, perform the work publicly, display the work, and prepare derivative works based on the copyrighted work.

In her complaint, plaintiff alleges that "[p]laintiff is the sole owner of all rights, title and interest in the copyrighted system that was divulged to the defendants," that "[d]efendants copied plaintiff's system" and that "[d]efendants have unlawfully appropriated plaintiff's work by using plaintiff's expressions of her ideas and her system to create their own clinical cosmetology center."

(Complaint, ¶¶ 20–22.) At no point in the complaint does plaintiff allege the existence of a document wherein defendants copied her work. Indeed, it appears from the complaint that the only form of "copying" allegedly done by defendants is the creation of the cosmetology center itself.

Plaintiff's responses to defendants' interrogatories also indicate that plaintiff's copyright claim arises out of defendants' alleged use of her ideas. In response to defendants' request that she "identify all of [the] materials that plaintiff asserts were copied and/or appropriated by defendants," plaintiff stated:

> Clinic concept and idea contained [in?] a proposal and business plan and service and products offered, specifically corrective pigmentation services, hair replacement services all of which are either custom made or pre-made and used for the purpose of normalizing the appearance of facial anomalies, pigmentation anomalies, hair loss resulting from injury, illness, or disorder. It can also be used to create symmetry and enhance one's appearance. The business name Clinical Cosmetology Center.

(Def. 12(G) Statement, p. 2.)

In order to clarify any ambiguities in the complaint as to the meaning of "plaintiff's system" and "plaintiff's work," which plaintiff alleged were copied, defendants requested that she identify such "system" and "work." Plaintiff responded that her "system" was

> Concept and idea of hospital-based clinical cosmetology center and goods and services offered, in addition, business operations as specifically described in business plan and intellectual property of plaintiff divulged by plaintiff to defendants during numerous meetings, demonstrations and presentations.

(Def. 12(G) St., p. 3.) Plaintiff identified her "work" as follows:

> Includes entire contents of business plan and proposal and the clinic concept thereof and goods and services offered, specifically custom, corrected and pre-made pigments, custom cranial prostheses, hair prostheses, wigs and other hair accessories, facial appliances all for the purpose of normalizing the appearance of facial and/or bodily structural or pigmentation anomalies. Also including breast prostheses and skin maintenance products.

(Def. 12(G) St., p. 3.)

Defendants also requested plaintiff to "set forth facts that support or tend to support plaintiff's claim that defendants copied [plaintiff's] materials." Plaintiff responded:

> Defendants have completely reproduced the concept and contents of [plaintiff's] proposal and business plan and services … It is currently, since end of November 1992, in operation of those ideas and services within the property of Saint Barnabas Medical Center, Livingston, New Jersey. The fact is that the defendants offer identical goods and services of those which are described in plaintiff's business plan and proposal.

(Def. 12(G) St., p. 4.)

It appears to the Court that plaintiff's complaint and her answers to defendants' interrogatories clearly demonstrate that she is not complaining of the copying of the *expression* of her ideas contained in her business proposal, but is complaining of defendants' alleged implementation of her ideas in the form of the St. Barnabas cosmetology center. Because the Copyright Act does not prohibit the use of ideas, defendants are free, under the Copyright Act, to implement plaintiff's, or anyone else's, ideas in the form of the cosmetology center. Plaintiff's complaint and answers to interrogatories do not suggest that defendants have copied plaintiff's particular *expression* of those ideas in any fashion.

In plaintiff's opposition to this motion, plaintiff argues for the first time that "[u]pon information and belief, defendants copied [plaintiff's business] proposal by reproducing the same and distributing and presenting the same to others as their own plan."[2] (Pl.

**2.** Plaintiff adds that "[b]y copying the business proposal in this manner, the defendants established the currently existing Clinical Cosmetology Center attached to [the hospital]. Plaintiff claims infringement of her copyrighted work is based in this whole act of copying by defendants." (Pl.Opp., p. 3.) Here plaintiff is simply arguing that by using the ideas contained in the

Opp., p. 3.) The Court notes that an assertion based upon "information and belief" is not adequate to defeat a motion for summary judgment.

Plaintiff also argues that a brochure produced by defendants, containing a description of the clinic which "was uncannily similar to several expressions contained in [plaintiff's business] proposal," lends support to plaintiff's suspicion that defendants did in fact copy the proposal. (Pazienza Aff., ¶ H.) Plaintiff does not identify those parts of the brochure and her business plan which support her conclusion that the brochure is "uncannily similar" to "expressions contained in [plaintiff's] proposal." However, the Court notes that plaintiff underlined the following phrases which appear in the brochure: "enhancing a person's appearance to improve his or her self esteem"; "corrective cosmetics"; "application of permanent make-up"; "The permanent make-up method is a completely safe and virtually painless procedure". (Pl. Opp., Exh. B.) Plaintiff never actually argues these discrete phrases are entitled to copyright protection. Moreover, these precise phrases do not even appear in plaintiff's business plan. The *ideas* embodied in these phrases do appear. For instance, the business plan discusses "camouflage therapy" which is akin to "corrective cosmetics"; the business plan's statement "knowing . . . there is a cosmetic solution for most scarring, disfiguring, and discoloration . . . is a great inspirational improvement in the healing process of the patient" is similar to the brochure's statement "enhancing a person's appearance to improve his or her self esteem." However, these are not copies of plaintiff's expression; at most they are copies of some of plaintiff's ideas.

Finally, plaintiff argues that the Court should not grant summary judgment at this stage as discovery is not complete. However, a review of the record indicates that discovery is complete. On August 3, 1994, the magistrate filed a scheduling order stating that "[i]ssue has been joined for over eight months. I expect to be advised by you at the initial conference that discovery has been completed. If not, I will set a *very* short date for completion of discovery." (Letter–Order, p. 1. (emphasis in original)). On August 11, 1994, the magistrate filed an order stating that plaintiff was to answer discovery by August 18, 1994 after which defendants were to submit dispositive motions by September 16, 1994. Clearly, the Magistrate was of the opinion that discovery was complete. Therefore, the Court will grant summary judgment dismissing plaintiff's copyright claim.

Because there are no remaining federal claims in this action, the Court will decline to exercise supplemental jurisdiction over the remaining state law claims, pursuant to 28 U.S.C. § 1367(c). Plaintiff will have 30 days in which to refile her remaining state law claims in state court in order to avoid any possible statute of limitations problem. The Court expresses no opinion as to the validity of the state law claims of breach of covenant, misappropriation of trade secrets and breach of confidence. The Court has ruled only that plaintiff's federal copyright claims cannot withstand summary judgment.

---

business proposal, defendants infringed on her copyright. As discussed above, the Copyright Act simply does not prohibit the use of ideas contained in copyrightable material. No matter how plaintiff characterizes defendants' use of those ideas, the creation of the cosmetological center cannot be considered a form of "copying" under the Copyright Act.